JS 44C/SDNY
REV. 12/2005

**JUDGE GRIESA**

CIVIL COVER SHEET   06 CV 3788

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jay Epstein | City of New York, New York City Police Department, Administrative Lieutenant Jimenez, Sergeant Rinaldi, Lieutenant Francis Cole |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Leeds, Morelli & Brown, P.C. (516-873-9550) One Old Country Road, Ste 347, Carle Place, NY 11514 | New York City Law Department (212-788-0866) 100 Church Street, New York, NY 10007 |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

42 U.S.C. Sec. 1983; NYS Executive Law, Sec. 290; NYC Administrative Code, Title 8. Plaintiff claims he was deprived of First Amendment rights and subjected to discrimination due to his sexual orientation, and retaliation.

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]  Judge Previously Assigned _____

If yes, was this case Vol [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

RECEIVED MAY 17 2006 U.S.D.C. S.D. N.Y. CASHIERS

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**TORTS**

*PERSONAL INJURY*
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

*PERSONAL INJURY*
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

*PERSONAL PROPERTY*
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

*CIVIL RIGHTS*
- [ ] 441 VOTING
- [x] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES - OTHER
- [ ] 440 OTHER CIVIL RIGHTS

*PRISONER PETITIONS*
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

DEMAND $_____  OTHER _____   JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES  [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2a. Removed from State Court <br> ☐ 2b. Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Jay Epstein - resident of Richmond County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Defendants - residents of New York County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | | [ ] NO <br> [x] YES (DATE ADMITTED Mo. May  Yr. 2004 ) <br> Attorney Bar Code # PR8914 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JAY EPSTEIN,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, ADMINISTRATIVE
LIEUTENANT JIMENEZ, SERGEANT RINALDI,
LIEUTENANT FRANCIS COLE (in their individual and
official capacities),

                                       Defendants.

------------------------------------------------------------X

**NOTICE OF REMOVAL**

Case No. 06 Civ. 3788 (TPG)

ECF CASE

06 CV 3788

**TO:    THE UNITED STATES DISTRICT COURT,
          SOUTHERN DISTRICT OF NEW YORK**

      Defendants, by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully show this Court as follows:

      1.     On or about April 27, 2006, the New York City Police Department, received by hand a Summons and Verified Complaint in the above-entitled action, pending in the Supreme Court of the State of New York, County of New York, Index No. 105272/06, naming the City of New York, the New York City Police Department, Administrative Lieutenant Jimenez, Sergeant Rinaldi, and Lieutenant Francis Cole as defendants therein, and setting forth the claims for relief upon which the action is based. On or about April 28, 2006, the New York City Law Department, Office of the Corporation Counsel, received, by hand, a copy of the same. A copy of plaintiff's Summons and Verified Complaint, verified March 27, 2006, is annexed hereto as Exhibit "A."

      2.     The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that it alleges a claim which arises

under the laws of the United States, and a violation of plaintiff's federal civil rights by defendants. This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441(b) and 1443.

3. Plaintiff brings this lawsuit claiming, inter alia, that defendants, while acting under color of state law, deprived plaintiff of his constitutional rights, as secured by the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.. See Exhibit "A" ¶¶ 1, 25-26.

4. This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading. See 28 U.S.C. § 1446(b). Upon information and belief, not all of the individually named defendants have been served with the summons and complaint.

5. Defendants all consent to removal of this action.

6. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

**WHEREFORE**, defendants respectfully request that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:   New York, New York
         May 17, 2006

>                        MICHAEL A. CARDOZO
>                        Corporation Counsel of the
>                          City of New York
>                        Attorney for Defendants
>                        100 Church Street, Room 2-140
>                        New York, New York 10007
>                        (212) 788-0866
>
>                  By:   _____
>                        A. Ali Ayazi (AA 7742)
>                        Assistant Corporation Counsel

TO:   Steven A. Morelli
      Leeds, Morelli & Brown, P.C.
      Attorneys for Plaintiff
      One Old Country Road, Suite 347
      Carle Place, New York 11514

3

## CERTIFICATE OF SERVICE

I, A. Ali Ayazi, hereby certify that a copy of the attached Notice of Removal was caused to be served on the party listed below by mail on May 17, 2006.

>Steven A. Morelli
>Leeds, Morelli & Brown, P.C.
>Attorneys for Plaintiff
>One Old Country Road, Suite 347
>Carle Place, New York 11514

Dated:   New York, New York
         May 17, 2006

_____
A. Ali Ayazi

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

JAY EPSTEIN,

                Plaintiff,

- against -

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT;
ADMINISTRATIVE LIEUTENANT JIMENEZ;
SERGEANT RINALDI; LIEUTENANT
FRANCIS COLE (in their individual and official
capacities),

                Defendants.
-----------------------------------------------------------------X

FILED: 4/17/06

06LE 000135

Index No. 105272/06

Plaintiff designates
**COUNTY OF NEW YORK**
as the place of trial

The basis of the venue is
**DEFENDANTS'**
**PLACE OF BUSINESS**

To the above named defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
         April 4, 2006

                              Attorney(s) for Plaintiff

                              LEEDS MORELLI & BROWN, P.C.
                              One Old Country Road, Suite 347
                              Carle Place, New York 11514
                              (516) 873-9550

TO:    SEE ATTACHED DEFENDANTS LIST

THE CITY OF NEW YORK
Municipal Building - Room 1225
1 Centre Street
New York, NY   10007

THE NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, NY   10038

ADMINISTRATIVE LIEUTENANT JIMENEZ
THE NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, NY   10038

SERGEANT RINALDI
THE NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, NY   10038

LIEUTENANT FRANCIS COLE
THE NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
New York, NY   10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
JAY EPSTEIN,

        Plaintiff,

-against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT;
ADMINISTRATIVE LIEUTENANT JIMENEZ;
SERGEANT RINALDI; LIEUTENANT
FRANCIS COLE (in their individual and official
capacities),

        Defendant.
-----------------------------------------------------------X

Index No.: 105272/06

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, Jay Epstein, by his attorneys, Leeds, Morelli & Brown, P.C., complaining of the defendants herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. § 1983, to redress violation of Plaintiff's constitutional rights in the terms, conditions and privileges of employment of Plaintiff by the Defendants, as well as deprivation by the Defendants, acting under color of law, of the policies, ordinances, custom, and usage of rights, privileges and immunities secured to the Plaintiff by the Constitution of the United States and all the laws and statutes thereunder. This action is also brought based upon the defendant's violation of the New York State Executive Law, Human Rights Law, § 290 *et seq.*; New York City Administrative Code Title

1

8; and any other cause of action which can be inferred from the facts set forth herein.

## PARTIES

2. Plaintiff, Jay Epstein ("Plaintiff" or "Epstein"), at all times hereinafter mentioned, was and still is a resident of Staten Island. Plaintiff is an "employee" as defined in New York State Executive Law, Human Rights Law, Section 290 et seq. and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8.

3. Defendant, The City of New York, at all times hereinafter mentioned, was and still is a public employer doing business at One Police Plaza, New York, New York 10038.

4. Defendant, The New York City Police Department ("NYPD"), employed Plaintiff, and maintains an office at One Police Plaza, New York, New York 10038. Defendant is an "employer" as defined in the New York State Executive Law, Human Rights Law, Section 290, et seq. and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8.

5. Defendant, Administrative Lieutenant Jimenez is employed by the NYPD. Jimenez was responsible for the NYPD's maintenance and operation, including, but not limited to, employment related issues. Additionally, Defendant Jimenez was a policymaker for the NYPD, charged with the responsibility of insuring that employees were not subjected to unlawful retaliation or harassment. He was also responsible for properly training and supervising employees with respect to employment issues. Jimenez aided, abetted, incited,

2

compelled and/or coerced the aforementioned unlawful conduct described below.

6. Defendant, Sergeant Rinaldi is employed by the NYPD. Rinaldi was responsible for the NYPD's maintenance and operation, including, but not limited to, the hiring, firing, promotion and discipline of employees and all other employment related issues. Additionally, defendant Rinaldi was a policymaker for the NYPD, charged with the responsibility of insuring that employees were not subjected to unlawful retaliation or harassment. He was also responsible for properly training and supervising employees with respect to employment issues. Rinaldi aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct described below.

7. Defendant, Lieutenant Cole is employed by the NYPD. Cole was responsible for the NYPD's maintenance and operation, including, but not limited to, the hiring, firing, promotion and discipline of employees and all other employment related issues. Additionally, defendant Cole was a policymaker for the NYPD, charged with the responsibility of insuring that employees were not subjected to unlawful retaliation or harassment. He was also responsible for properly training and supervising employees with respect to employment issues. Cole aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct described below.

## FACTS

8. In or around July 1985, Plaintiff commenced employment with the NYPD.

9. Throughout Plaintiff's long career with the NYPD, he was consistently received bright annual performance evaluations, numerous commendations, awards, and letters praising his job performance.

10. Plaintiff is a gay male.

11. During the course of Plaintiff's employment, NYPD employees were aware that Plaintiff was gay.

12. Plaintiff was consistently denied his frequent requests to be assigned overtime. Other similarly situated, heterosexual employees were granted overtime in a fair manner. The decision-makers on these requests were Administrative Lieutenant Jimenez and Sergeant Rinaldi.

13. Although Plaintiff was a senior officer, he was assigned to undesirable rookie positions such as Constant Details, EDPs, Hospitalized prisoners, and fixed post due to his sexual orientation. Meanwhile, heterosexual rookies were given Plaintiff's previous assignments.

14. Due to his sexual orientation, Plaintiff was also transferred and assigned to work in a unit that was known throughout the department as one that consisted of "outcasts". For example, the Sergeant of the Squad, Sergeant Butler, was considered an outcast, and placed in the

department because she had filed a lawsuit against the police department alleging discrimination. Plaintiff was assigned to work under Sergeant Butler.

15. Throughout Plaintiff's career he consistently received the rating of 'competent' or better on his performance evaluations, often stating he was courteous and follows rules and procedures. However in or around January 2004 Plaintiff was given a less than competent rating for the time period of December 2002- December 2003. Plaintiff requested an appeal of the annual performance evaluation in or around July 15, 2004.

16. Shortly thereafter, Plaintiff was informed by Sergeant Butler that she was forced to give him a less than competent rating which she felt he did not deserve. Additionally, due to her objections she was notified that she would no longer be allowed to evaluate Plaintiff. Upon information and belief, Lieutenant Cole was the squad Sergeant who gave these orders to Sergeant Butler.

17. In or around September 16, 2004 Plaintiff was placed on level II performance monitoring due to the false evaluation that he was given. As a result of this poor evaluation, Plaintiff was denied a further position to which he applied. This position would have afforded Plaintiff considerably more overtime.

18. In or around January 25, 2005, Plaintiff filed a complaint to the New York Police Department EEO stating that he was subjected to disparate treatment based on sexual

5

orientation. This treatment included:

1. Temporary transfer to a position not suitable for a senior officer.

2. Unfounded poor evaluations which Sergeant Butler agreed Plaintiff did not deserve.

3. The poor evaluation resulted in the enrollment of the level II performance monitoring.

4. Unfair distribution of overtime.

19. Following the January 2005 complaint, Plaintiff continued to be subjected to discrimination and retaliation through the assignment of undesirable positions, false disciplinary actions, and false performance evaluations.

20. In or around March 15, 2005 Plaintiff filed a second complaint with the EEO regarding the continued discrimination and retaliation.

21. As a result of his complaints with the EEO, Plaintiff was subjected to further discrimination based on his sexual orientation as well as retaliation for speaking out against the discrimination he was subject to.

22. For fear of further discrimination or retaliation Plaintiff retired from the New York Police Department in or around July 31, 2005. This constituted a constructive termination.

23. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with his employment in addition to suffering physical and emotional injuries, and other damages

## CLAIMS FOR RELIEF

24. The aforementioned acts constitute unlawful discrimination in violation of the New York State Human Rights Law, Executive Law § 296 et seq., the New York City Human Rights Law, N.Y.C. Admin. Code Title 8, and any other causes of action which can be inferred from the facts set forth herein.

25. Defendants, while acting under color of state law, deprived plaintiff of his constitutional rights, as secured by the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, and all related provisions of the New York State Constitution. Defendants intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

   a) Defendants custom or practice of discriminating and/or retaliating against plaintiff based on his sexual orientation, engagement in protected activities, constitutionally-protected forms of speech, expression and association. The discriminatory and retaliatory practices were so persistent and widespread

that they constitute the constructive acquiescence of policymakers.

    b) Supervisors failed to properly investigate and address allegations of discrimination, retaliation and/or harassment.

    c) Inadequate training/supervision was so likely to result in the discrimination, retaliation, and/or harassment that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

    d) Policymakers engaged in and/or tacitly condoned the discrimination and/or retaliation.

26. The individual Defendants unlawfully participated in and/or permitted the aforementioned discrimination and/or retaliation to perpetuate, without abatement, in violation of plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983. Defendants are also subject to punitive damages for his violations of 42 U.S.C. § 1983.

27. The individual Defendants aided, abetted, incited, compelled, and/or coerced the aforementioned unlawful religious discrimination in violation of New York State Executive Law, Human Rights Law, § 296(6).

WHEREFORE, Plaintiff demands judgment against Defendants for, where applicable, all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law. Punitive damages, where applicable, are sought. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Carle Place, New York
       March 27, 2006

                                      Respectfully Submitted,

                                      LEEDS, MORELLI & BROWN, P.C.
                                      Attorneys For Plaintiff
                                      One Old Country Road, Suite 347
                                      Carle Place, New York 11514
                                      (516) 873-9550

                                      _____
                                      STEVEN A. MORELLI

## VERIFICATION

STATE OF NEW YORK)
                 ) ss.:
COUNTY OF NASSAU )

JAY EPSTEIN, being duly sworn, states that he has reviewed the foregoing Complaint and that the contents of said Complaint are true to his own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, he believes them to be true.

_____
JAY EPSTEIN

Duly sworn to before me
this 27th day of March, 2006

_____
NOTARY PUBLIC

STEVEN A. MORELLI
Notary Public, State of New York
No. 02MO5017400
Qualified in Nassau County
Commission Expires October 04, 2009

Case No. 06 Civ. _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAY EPSTEIN,

                      Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, ADMINISTRATIVE LIEUTENANT JIMENEZ, SERGEANT RINALDI, LIEUTENANT FRANCIS COLE (in their individual and official capacities),

                      Defendants.

## NOTICE OF REMOVAL

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-111*
*New York, N.Y. 10007*

*Of Counsel: A. Ali Ayazi*
*Tel: (212) 788-0866*
*NYCLIS No. 06LE000135*

*Due and timely service is hereby admitted.*

New York, N.Y. ................................................ , 200__

................................................ *Esq.*

Attorney for ................................................